UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ORA HART | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAG. JUDGE: |
| | * | |
| LOWE'S HOME CENTERS, L.L.C. & | | |
| ABC INSURANCE COMPANY | * | JURY TRIAL |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, **Lowe's Home Centers, LLC ("Lowe's")**, by and through undersigned counsel, hereby submits this Notice of Removal of the 1st Judicial District Court action referenced herein to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the Notice of Removal, Lowe's avers as follows:

1. On or about October 30, 2020, an action was commenced by Ora Hart ("Hart") and was captioned, "*Ora Hart versus Lowe's Home Centers, LLC & ABC Insurance Company*, Suit No: C-262,873, Section A, 1st Judicial District Court, Parish of Caddo, State of Louisiana." See, Plaintiff's Petition for Damages attached hereto as **Exhibit A.**

2. Hart asserted that on November 2, 2019, she suffered bodily injury when she allegedly fell inside of the Lowe's Home Centers, LLC, store located at 7301 Youree Drive, Shreveport, Parish of Caddo, Louisiana 71105. See, **Exhibit A** at ¶ 5.

3. Because of the alleged incident, Hart claims she has sustained a fractured knee cap and other injuries. See, **Exhibit A** at ¶ 7 and ¶ 9.

4. Hart's combination of special and general damages evidence an amount in controversy in excess of this Court's jurisdictional requirement making this claim removable to federal court.

### Diversity of Citizenship

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter based upon complete diversity of citizenship between Plaintiff and Defendant.

6. As set forth in the original Petition for Damages, Hart is a resident and domiciliary of the Parish of Caddo, State of Louisiana. See, **Exhibit A** at ¶ 1.

7. For purposes of diversity jurisdiction, limited liability companies are citizens of every state in which their members are citizens. *See, Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008); *Thymes v. AT&T Mobility Servs., LLC*, No. 6:18-CV-00867, 2018 WL 6920356, at *3 (W.D. La. Dec. 4, 2018), report and recommendation adopted, No. 6:18-CV-00867, 2019 WL 81591 (W.D. La. Jan. 2, 2019).

8. Defendant, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member, Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

9. Plaintiff's naming of "ABC Insurance Company" does not defeat diversity because 28 U.S.C. § 1441(b) explicitly states, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

10. Accordingly, there is complete diversity amongst the parties.

### Amount in Controversy

11. La. C.C.P. art. 893(A)(1) precludes plaintiffs from articulating a specific monetary amount of damages sought.

12. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 at 882-883 (5th Cir. 2002).

13. Because of the alleged incident, Hart claimed she has sustained a fractured knee cap and other injuries. See **Exhibit A** at ¶ 7 and ¶ 9.

14. Hart itemized her damages in her Petition for Damages as follows:
    a. Past, present and future medical expenses;
    b. Past, present and future physical pain and suffering and loss of function;
    c. Past, present and future mental pain and suffering, including, but not limited to, - mental anguish and emotional distress, anxiety, embarrassment and humiliation – past, present and future;
    d. Permanent disability;
    e. Loss of enjoyment of life;
    f. All of the damages which may be discovered hereafter and proven at trial.

15. Plaintiff provided courtesy copies of her medical records related to the alleged incident out of which this case arises. See Plaintiff's treatment records attached hereto as **Exhibit B** and correspondence attached hereto as **Exhibit D**.

16. Those records show that, on November 11, 2019, Hart underwent an open reduction and internal fixation knee surgery on her right patella. See **Exhibit B**.

17. Such an injury will yield an amount in controversy sufficient to invoke federal jurisdiction.

18. For example, in <u>Bessard v. State, Dep't of Transp. & Dev.</u>, 94 0589 (La. 11/30/94), 645 So. 2d 1134, Plaintiff was attempting to cross the street when her foot was caught in broken concrete

curb. She fell and fractured her kneecap and had surgery to repair the fractured kneecap. Plaintiff was awarded **$106,951.66** after a trial. In <u>Todd v. Delta Queen Steamboat Co.</u>, 2007-1518 (La. App. 4 Cir. 8/6/08), 15 So. 3d 107, aff'd on reh'g (June 17, 2009), Plaintiff sustained a knee injury when his knee came in contact with a loaded metal cart that was being handled by his co-worker. He suffered a fractured kneecap and treated with an orthopedic surgeon for eight months. The court awarded Plaintiff **$120,000 in general damages**. In <u>Soulier v. Highlands Ins. Co.</u>, 517 So. 2d 355 (La. Ct. App. 1987), plaintiff was injured in an automobile accident. Plaintiff suffered a comminuted fracture of the right patella. Plaintiff had surgery and was awarded **$200,000** for past and future physical and mental pain and suffering and disability.

19. Based on Hart's allegations in her Petition for Damages, the medical records that she has produced evidencing an open reduction and internal fixation knee surgery on her right patella, and general damages awarded for similar injuries, the amount in controversy for Hart's claim exceeds the $75,000 jurisdictional requirement for a diversity case.

**Removal**

20. Notices of removal are governed by 28 U.S.C. §1446(b), which provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."

21. Defendant was served with Hart's Petition for Damages on November 11, 2020. See, Notice of Service of Process attached hereto as **Exhibit C**. However, Hart's Petition for Damages did not affirmatively assert the amount in controversy was sufficient to invoke federal jurisdiction. See **Exhibit A**.

22. It is not ascertainable from the face of Hart's Petition for Damages that this case is removable.

23. However, Defendant came into possession "of other paper" – namely, Hart's medical records that were produced on January 19, 2021 – from which it was ascertainable this case was removable pursuant to 28 U.S.C. § 1446(b)(3). See **Exhibit B** and **Exhibit D**. Accordingly, the thirty day time limit to file this Notice of Removal began on the date Defendant was provided with courtesy copies of Plaintiff's medical records. As such, Defendant is within the thirty day time limit to file this Notice of Removal.

24. Since there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy meets this Court's $75,000 jurisdictional requirement exclusive of interest and costs, this court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Lowe's has good and sufficient defenses to Hart's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

**WHEREFORE,** Defendant, **Lowe's Home Centers, LLC,** prays that the above-entitled cause on the docket of the 1st Judicial District Court, Parish of Caddo, State of Louisiana, be removed from that Court to the docket of the United States Western District of Louisiana and for trial by jury and other determinations as required by law.

[*signature block on following page*]

Respectfully Submitted by:

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

BY: s/ Benjamin M. Files
D. Scott Rainwater (Bar Roll No. 30683)
Benjamin M. Files (Bar Roll No. 39179)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: (225) 387-9888
Fax: (225) 387-9886
Email: srainwater@twpdlaw.com
bfiles@twodlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Removal has been electronically filed with the Clerk of Court of the United States District Court for the Western District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 18th day of February, 2021.

s/ Benjamin M. Files
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

6