UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ORA L HART | CIVIL ACTION NO. 21-cv-408 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LOWE'S HOME CENTERS, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Ora L. Hart ("Plaintiff") filed this civil action against Lowe's Home Centers, LLC ("Lowe's") for injuries she sustained when she tripped over a piece of lumber that was protruding from another customer's cart. Before the court is Lowe's Motion to Quash and for Entry of a Protective Order (Doc. 17).

Plaintiff's counsel requested the depositions of three local Lowe's employees (assistant manager, cashier, and responding cashier) and issued a Notice for the Rule 30(b)(6) deposition of Lowe's. There are 26 matters designated in the notice, including policies and procedures for customer safety, personal injury reporting procedures, timecards, display signs, and surveillance videos.

Defendant argues that the needs of the case do not rise to a level that requires a Rule 30(b)(6) deposition. Defendant contends that Plaintiff does not need a corporate deposition because the facts of the case are undisputed by virtue of the video surveillance of the incident. Thi Ngo v. Walmart Inc., 304 So.3d 593 (La. App. 5th Cir. 2020) ("Additional discovery cannot refute what is plainly apparent in the surveillance video."). Defendant argues that any further information Plaintiff believes is critical to her case will be provided

in written discovery, which is less burdensome than traveling to North Carolina for the deposition of a corporate representative. As to the depositions of the local employees, Defendant asserts that one of them actually witnessed the incident and their depositions are not necessary to obtain facts essential to the case.

Plaintiff argues that Defendant is attempting to thwart discovery and that Defendant has not met its burden of showing that the requested depositions are overly broad or unduly burdensome. Plaintiff asserts that Defendant's knowledge of trip hazards, actual notice prior to Plaintiff's fall, and Defendant's failure to exercise reasonable care are all inquiries for a Rule 30(b)(6) deposition. Plaintiff argues that the three local employees were identified as fact witnesses in Defendant's initial disclosures, and Defendant has thereby acknowledged that the witnesses have discoverable information. Defendant responds that they were identified because they can be seen in the surveillance video and because one of them prepared the incident report, but none of them saw the incident.

Defendant's argument that any deposition discovery is unnecessary due to the existence of the surveillance video borders on the frivolous. Parties routinely take Rule 30(b)(6) depositions even though there is surveillance video of an accident. See e.g., Mayberry v. Wal-Mart Louisiana, LLC, 2015 WL 420284 (W.D. La. 2015); Freed v. Home Depot U.S.A., Inc., 2019 WL 582346 (S.D. Ca. 2019); Parker v. Wal-Mart Stores East, LP, 2018 WL 9437354 (N.D. Ga. 2018); Hawn v. Speedway, LLC, 2018 WL 2192162 (N.D. In. 2018); Owens v. Kroger Co., 2018 WL 2074855 (S.D. Miss. 2018). If the undersigned did not allow the deposition discovery, it would be an abuse of discretion.

Nonetheless, the court exercises its discretion to modify the Rule 30(b)(6) deposition notice to focus on the issues that the court perceives as most important in light of the fact that video surveillance of the accident exists. This discussion is based on the draft of the deposition notice filed in the record as Doc. 14.

The topics in Exhibit A are modified as follows:

6: Irrelevant. Plaintiff is alleged to have tripped over a piece of lumber.

11: Not proportional. This topic alone could require dozens of witnesses.

15: Limited to trip and falls that were allegedly cause by a piece of lumber on another customer's cart.

16: Stricken. The parties have not pointed the court to any allegation that documents were not properly preserved.

17: Same as 16.

20: Limited to the store in question on the day of the incident.

24: Stricken as irrelevant. The parties have not identified to the court any suggestion of spoliation.

26: This is a legal question and not a deposition topic.

On Exhibit B (Documents to be Produced at the Deposition), the following modifications are made:

1: Limited to "cart and lumber" from 2015 at the store in question.

2: Limited to the store in question.

3: Limited to "cart and lumber" from 2015 to present at the store in question.

4: Deleted.

6: Deleted.

7: Deleted.

10: Limited to incident reports at the store in question.

To minimize the expense to the parties, the court orders that depositions of any out-of-state corporate representatives shall be taken by Zoom or other VTC method.

Any request for fees or expenses in connection with the motion is denied.

The court pauses to express its concern over the tone and content of the emails between counsel regarding this discovery dispute. This court expects counsel to show each other every professional courtesy, and the some of the emails reflect just the opposite. Going forward, that must change. Practicing law is difficult enough without the added burden of animosity between counsel.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of August, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge