UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ORA L HART** | **CASE NO. 5:21-CV-00408** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOWE'S HOME CENTERS L L C ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING**

The primary issue in this proceeding is whether Lowe's Home Centers, LLC ("Lowe's") has a duty under Louisiana law to a customer who tripped over a piece of lumber that was extending into the aisle from the shopping cart of another Lowe's customer. This Court finds it does not.

Before the Court is a Motion for Summary Judgment [Doc. No. 15] filed by Lowe's. An Opposition [Doc. No. 31] was filed by Plaintiff Ora Hart ("Hart") on October 1, 2021. A Reply [Doc. No. 33] was filed by Lowe's on October 5, 2021.

For the reasons set forth herein, Lowe's Motion for Summary Judgment is GRANTED.

**I.   BACKGROUND**

On October 30, 2020, Hart filed a Petition for Damages in the 1st Judicial District Court, Parish of Caddo, against Lowe's bearing Docket Number C-626873. The suit was filed as a result of an alleged fall in the Lowe's store located at 7301 Youree Drive, Shreveport, Louisiana.

The suit was removed to this Court by Notice of Removal [Doc. No. 1] on February 18, 2021. Lowe's has filed the instant Motion for Summary Judgment seeking dismissal of Hart's claims against Lowe's.

The evidence shows that on or about November 2, 2019, Hart was a customer at the Lowe's store located at 7301 Youree Drive, Shreveport, Louisiana. Another customer in the store had put

a piece of lumber or molding in her shopping cart, which extended out into the aisle where Hart was walking. The incident was captured by Lowe's surveillance video from two angles.[1] The first angle shows Hart walking in an aisle with her phone in her hand. The video shows a piece of lumber protruding from the base of another customer's shopping cart into the aisle where Hart was walking. The aisle appears to be well-lit and there was nothing in front of Hart blocking her view of the lumber.

It was obvious from the video that Hart never saw the lumber protruding until she tripped over it. The video shows Hart walking directly into the lumber and falling to the floor.

The second angle of the video shows the customer, whose cart contained the lumber, waiting in line to check out. The customer is standing next to her cart with the lumber protruding behind the cart into the aisle. Although you cannot see Hart in the second angle, you can tell when she walks into the lumber.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the

---

[1] Affidavit of Sam Messina [Doc. No.15-6].

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### B.     Merchant Liability

La. Rev. Stat. 9:2800.6(a) imposes a duty on merchants to exercise reasonable care to keep their aisles, passageways, and floors "in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. 9:2800.6(b) provides a four part test a claimant alleging that a merchant's negligence caused him injury must satisfy. In addition to all other elements of his cause of action, La. Rev. Stat. 9:2800.6 requires a plaintiff to prove each of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.

Failure to prove any one of these factors is fatal to the plaintiff's case. *White v. Wal-Mart Stores, Inc.* 97-0393 (La. Sept. 9, 1997). 699 So.2d 1081.

### C.     Other Premises Liability

La. R.S. 9:2800.6 D also states: "Nothing herein shall affect any liability a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.

Hart argues in addition to R.S. 9:2800.6, Lowe's has liability under Louisiana Civil Code article 2315 and 2317 for negligence. In premises liability under Louisiana Civil Code article 2317, when the accident is allegedly the result of a specific act on the part of the merchant, and

not solely the result of a condition found on the premises, the principles of negligence are applicable. *Chatmon v. Home Depot USA, Inc.*, 355 Fed. Appx. 842, 843 (5th Cir. 2009).

When the principles of negligence apply, courts use a duty-risk analysis to determine liability.

Louisiana courts have adopted a duty-risk analysis to determine whether a party is liable for negligence under the facts of a particular case. *Mart v. Hill,* 505 So.2d 1120 (La. 1987). Generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. *St. Hill v. Tabor,* 542 So.2d 499 (La. 1989); *Harris v. Pizza Hut of La., Inc.*, 455 So.2d 1364 (La. 1984). However, a business establishment is not the insurer of its patrons' safety. *Phillips v. Equitable Life Assurance Co.*, 413 So.2d 696 (La. App. 4th Cir.) *writ denied*, 420 So.2d 164 (La. 1982). *Manning v. Dillard Dept. Stores, Inc.* 753 So.2d 163 (La. 1999).

For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant failed to conform his conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.* 2001-2217 (La. April 3, 2002), 816 So.2d 270. Duty is a question of law, *Beck v. Schrum*, 41,647 (La. App. 2d Cir. Nov. 1, 2006), 942 So.2d 669. The inquiry is whether a plaintiff has any law-statutory, jurisprudential, or arising from general principles of fault to support his or her claim. *Hardy v. Bowie*, 1998-2821 (La. Sept. 8, 1999), 744 So.2d 606.

### D. Application

This case does not involve the normal slip and fall where something on the floor caused the plaintiff to slip. In this case, Hart alleges that an item in another customer's cart (a protruding piece of lumber) caused her to trip and fall. La. R.S. 9:2800.6 applies to a negligence claim brought against a merchant due to injury sustained because of a fall on the merchant's premises. R.S. 9:2800.6B.

Louisiana Civil Code article 2317 applies to a specific act on the part of the merchant and not solely as a result of a condition found on the premises.

Therefore, both statutes could arguably apply. However, for there to be liability under either statute, there must first be a duty. A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762 (La. 1999). Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. *Haskins v. State Farm Fire & Cas. Co.,* 612 So.2d 990 (La. App. 2d Cir. 1993); *Lowery v. Wal-Mart Stores, Inc.*, 965 So.2d 980 (La. App. 2d Cir. 2007).

In this case, Lowe's is a merchant and Hart is a customer invitee. An unknown customer was going to buy a piece of lumber. The customer used a Lowe's shopping cart and the lumber protruded from beneath the shopping cart. As the unknown customer was in line to check out, the lumber protruded into the aisle where Hart was walking. The video evidence shows Hart walk right into the protruding lumber, causing her to fall.

A merchant is not responsible for all accidents that happen on its premises. The merchant is only responsible to exercise reasonable care to keep the aisles, passageways, and floors in a

6

reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

This Court does not believe Lowe's owes a duty to Hart to keep her from tripping over a piece of lumber protruding from the bottom of an unknown customer's shopping cart. In *Taylor v. Wal-Mart Stores, Inc.,* 2006 WL 1476031 (W.D. La. May 23, 2006), the Court found no duty existed by the merchant to a customer who tripped over a pallet left in the middle of the floor/aisle.

In a similar case, *Wing v. Wal-Mart Stores, Inc.*, 2006 WL 2178688 (E.D. La. July 31, 2006), the court found no duty by Wal-Mart to a customer whose foot caught on the wheel of another customer's shopping cart. The court noted that the shopping cart was in the possession of another customer.

Wal-Mart was found to owe no duty to a customer in *Lowery v. Wal-Mart Stores, Inc.*, 965 So.2d 980 (La. App. 2d Cir. 2007), where small children pushed a bathroom door into Lowery. Home Depot was found to have no duty to a customer who backed into a cart that had just been brought to her by a Home Depot employee in *Chatman v. Home Depot USA, Inc.,* 355 Fed. Appx. 842 (5th Cir. 2009). And, in *Manning v. Dillard Dept. Stores, Inc.*, 753 So.2d 163 (La. 1999), the Supreme Court of Louisiana reversed a court of appeal ruling and found no duty on Dillard's where a customer accused of using a stolen credit card, ran over Manning while attempting to escape.

In this case, Lowe's did not have control of the customer's cart, did not load the piece of lumber, and had no part in causing Hart to fall. Lowe's owed no duty to Hart under the facts of this case and is entitled to summary judgment.

### III. CONCLUSION

For the reasons set forth herein, Lowe's Motion for Summary Judgment [Doc. No. 15] is GRANTED.

**MONROE, LOUISIANA,** this 7th day of October 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE